**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| PLAINTIFF<br><br>TIMOTHY ELWIN COX;<br>ASHLEY ROBERTS COX<br><br>-v-<br><br>DEFENDANTS<br><br>AMAZON.COM INC.,<br>AMAZON.COM SERVICES, LLC,<br>AMAZON LOGISTICS, INC., | Case No.:<br><br>**COMPLAINT**<br>(Jury Trial Demanded) |

Plaintiffs Timothy Elwin Cox and Ashley Roberts Cox, individually and as Natural Guardian of minor C.M., by and through the undersigned attorneys, complains of Defendants and alleges as follows:

**Parties, Venue, and Jurisdiction**

1. Plaintiff Timothy Elwin Cox was injured in the crash that is subject of this action (the "Crash"). At all relevant times, Plaintiff is and has been a resident and citizen of Horry County, South Carolina.

2. Plaintiff Ashley Roberts Cox was injured in the crash that is subject of this action (the "Crash"). At all relevant times, Plaintiff is and has been a resident and citizen of Horry County, South Carolina.

3. Plaintiff Ashley Roberts Cox is also the mother and Natural Guardian Minor C.M. ("Injured Minor") who was injured in the crash that is subject of this action (the "Crash"). At all

relevant times, C.M. is and has been a resident and citizen of Horry County, South Carolina. Ashley Roberts Cox bring the instant action on behalf of Minor C.M.

4. Devin Williams ("Williams") was driving the vehicle that crashed into Plaintiff and caused Plaintiff's injuries.

5. Upon information and belief, Defendant Amazon.com, Inc., is a Delaware Corporation with its principal place of business in Washington.

6. Upon information and belief, Defendant Amazon.com Services, LLC is a Delaware Limited Liability Company with all members domiciled and residing in Delaware.

7. Upon information and belief, Defendant Amazon Logistics, Inc., is a Delaware Corporation with its principal place of business in Washington.

8. At all times relevant to this action, Williams was an agent, servant, and/or employee of Defendant Amazon.com, Inc., Defendant Amazon.com Services, LLC, and Defendant Amazon.com, Inc., (collectively "the Amazon Defendants" or "Amazon") individually or jointly.

9. The Amazon Defendants are legally, and in reality the same entity, and/or partners, joint ventures, alter egos, agents and/or apparent agents of each other.

10. At all times relevant to this Complaint, the Amazon Defendants' agents, servants, and/or employees were acting in the course and scope of their employment or agency with the Amazon Defendants.

11. The Florence Division is proper because at the time this cause of action arose, the acts and omissions giving rise to this cause of action took place in Horry County, as further shown below.

12. This Court has personal jurisdiction over the Amazon Defendants because the Amazon Defendants were, at the time this cause of action arose, doing business in South Carolina

through their agent Williams, and this cause of action relates to and arises out of Defendants' contacts with South Carolina, as further shown below.

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1332 because (1) Plaintiff is a citizen and resident of South Carolina while the Amazon Defendants are all citizens of Delaware and as such there is complete diversity between the parties, and (2) the amount in controversy exceeds $75,000.00 due to Plaintiff's serious injuries.

## BACKGROUND

14. On or about April 19, 2026, at or around 10:50 a.m. Plaintiff Timothy Elwin Cox was operating a motor vehicle traveling south on Pee Dee Rd. in Horry County, South Carolina, with Plaintiff Ashley Robert Cox and Injured Minor riding as passengers.

15. At or around the same time, and at all relevant times hereto, Amazon's agent, Williams, was stopped on Pee Dee Rd. adjacent to a private drive.

16. As he approached, Plaintiff Timothy Elwin Cox ensured he had a clear lane prior to attempting to pass the standing vehicle operated by the Amazon's agent, Williams.

17. Williams, suddenly and without warning, made a left turn into Plaintiffs' and the Injured Minor's vehicle as they were passing his vehicle legally.

18. Defendant failed to yield the right of way which caused a collision with Plaintiffs' and the Injured Minor's vehicle.

19. As a result of the Crash, Plaintiffs and the Injured Minor sustained serious injuries that required medical treatment, which is currently ongoing.

20. At the Time of the crash, Williams was a driver for MKL Logistics and Transportation, LLC.

21. MKL Logistics and Transportation, LLC is an Amazon Delivery Service Partner ("DSP") and part of Amazon's DSP Program




22. Amazon created its own delivery and logistics network to ensure customer satisfaction and obtain greater control over its deliveries.

23. This network is now Amazon's multi-billion-dollar logistics division, named Amazon Logistics, Inc. ("ALI"), and it provides a last-mile delivery and shipping service that delivers orders from Amazon.com to Amazon customers.

24. ALI then created Amazon's DSP Program to provide a network for local deliveries of Amazon packages to customers nationwide.

25. Under the DSP program, Amazon contracts with ALI, its subsidiary, for delivery and transportation of the products Amazon sells to consumers online.

26. ALI, in turn, uses its website and other resources to recruit transportation and logistics companies around the country to become DSPs to deliver Amazon packages and helps the DSPs establish their business with incorporation documents, obtain legal assistance, and procure insurance, and ALI provides other business-development assistance that Amazon refers to as a "comprehensive toolkit."

27. Amazon then recruits drivers for the DSPs to hire within their service area.

28. Amazon created the DSP Program for the purpose of shielding itself from responsibilities to its delivery drivers and the public.

29. However, Amazon, through ALI, exercises near complete control over its DSP's business operations, including its employees.

30. Amazon dictates, manages, and controls nearly every aspect of a DSP, including, but not limited to:

a. Requiring DSPs to operating exclusively under the ALI trademark;

b. Requiring DSPs to follow and operate pursuant to ALI's method of operations;

c. Requiring DSPs to make purchases through authorized, or preferred, vendors only;

d. Controlling the recruitment, hiring, and training of all DSP drivers, which Amazon calls delivery associates;

e. Retaining the ability to terminate and discipline DSP drivers;

f. Requiring DSP drivers to wear ALI or Amazon-branded clothing;

g. Dictating the personal grooming requirements of drivers;

h. Determining the make, model, and style of delivery van to be used for delivery of Amazon packages;

i. Requiring DSP operators to sign contracts with specific fleet companies for delivery vehicles;

j. Requiring DSP operators to contract with only specific insurance carriers;

k. Requiring DSP operators to contract with only specific payroll vendors;

l. Requiring that delivery vans contain ALI or Amazon insignia and logos and prohibiting DSP operators from displaying their own names or branding on the vans;

m. Supervising the work of DSP drivers on a daily basis;

n. Setting minimum wages, insurance coverage, and benefits that DSP operators must provide to its own drivers;

o. Requiring DSP operators to submit to periodic audits so that Amazon can verify DSP operators have complied with Amazon's requirements with respect to wages, insurance, and benefits for DSP drivers; and

p. Maintaining control over and access to the payroll accounts of its DSPs.

31. Beyond dictating the general business operations of its DSPs, Amazon further exerts control over all aspects of package delivery including, but not limited to, package assignments, loading, routes, and delivery instructions, and Amazon takes a multifaceted approach to monitoring every move that a DSP driver makes, from before a delivery van is even loaded through the completion of every delivery route.

32. Amazon dictates, manages, and controls nearly every aspect of the package delivery process by a DSP driver, including, but not limited to:

a. Requiring DSP drivers to load and unload Amazon packages for delivery from ALI's warehouse and into their delivery vehicles in a precise manner;

b. Requiring DSP drivers to deliver packages to Amazon customers according to a precise schedule created by Amazon, through ALI, that dictates the order of delivery and provides the exact route drivers must follow and does not allow DSP operators, or drivers, to modify any routes

c. Requiring access to the Amazon Logistics Cortex of its DSPs, which gives Amazon a detailed analysis of all DSP vehicles, driver names, speeds, and locations;

d. Dictating how many packages DSP drivers must deliver each day on each route and the length of the routes, and not allowing DSP operators to modify package counts;

e. Ordering DSP drivers to reattempt delivery when DSP drivers do not complete a delivery;

f. Monitoring DSP drivers' performance of pre-trip and post-trip van inspections, DSP operators' performance, and compliance with ALI requirements;

g. Tracking delivery performance, including, but not limited to, the number of packages DSP drivers deliver each day, the pace at which drivers deliver packages along the route, the efficiency of the deliveries, the location of DSP drivers at any given time, whether drivers touched their cell phones while driving, whether drivers were wearing their seat belts, whether drivers moved over the speed limit, whether drivers accelerated or stopped too quickly as reported through the Chime, Flex, and/or Mentor Apps;

h. Monitoring the DSP drivers' daily actions using Netradyne cameras installed in each delivery vehicle which are programmed to record detectable events including

drowsiness, distracted driving, speeding, failing to maintain a proper lookout, disobeying traffic control devices, and others, and which uploads the footage to a system accessible to Amazon;

i. Evaluating the performance of DSP drivers on a periodic basis in accordance with ALI's specific policies and procedures, which includes, but is not limited to, the assignment of daily and weekly FICO scores, akin to traditional credit scoring, which can impact incentive pay and, ultimately, employment as a DSP driver; and

j. Maintaining complete discretion to terminate or arbitrarily punish a DSP driver, by issuing a "driver defect," in the event of a customer complaint, regardless of significance or legitimacy

33. At all times relevant hereto, Amazon dictated, managed, and controlled nearly every aspect of MKL Logistics and Transportation, LLC's business operations and Williams' daily operations as an Amazon delivery driver, including those set forth above.

## FOR A FIRST CAUSE OF ACTION

(Negligence/Recklessness, Negligence *Per Se* Against All Defendants)

14. Plaintiffs reallege and reincorporate the preceding paragraphs as if repeated verbatim here.

15. Williams owed a duty to Plaintiffs and the Injured Minor to operate the motor vehicle in a safe and reasonable manner, and in accordance with all state and federal laws and regulations.

16. Williams breached this duty to use due care in operating the commercial motor vehicle and was negligent, negligent *per se*, reckless, willful, and/or wanton in numerous particulars, including but not limited to:

a. Failing to obey traffic signs and signals;

b. Failing to yield the right of way;

c. Failing to keep a proper lookout;

d. Driving while inattentive and/or distracted;

e. Failing to use the degree of care and skill that a reasonable person would have used under the same or similar circumstances;

f. Acting with conscious disregard for the safety of others, including Plaintiffs and the Injured Minor;

g. Acting in violation of applicable state and federal statutes and regulations; and

h. Committing other acts and omissions as discovery may reveal and the evidence at trial may show.

17. Williams' acts and omissions were the direct and proximate cause of Plaintiffs' and the Injured Minor's injuries and damages claimed herein.

18. As a direct and proximate result of Williams' acts and omissions, Plaintiffs and the Injured Minor suffered severe physical injuries which have caused, and in the future will cause, Plaintiffs and the Injured Minor to suffer the following damages:

a. Physical pain and suffering;

b. Loss of enjoyment of life, to the detriment of their physical health and mental wellbeing;

c. Loss of wages and/or earning capacity;

d. Substantial expenses for past and future medical services;

e. Mental anguish, emotional distress, shock, and fear;

f. Other damages as will be shown in the discovery and trial of this case.

19. Amazon is vicariously liable for all acts and omissions of Williams pursuant to

the doctrines of agency and respondeat superior.

20. Plaintiffs are entitled to an award of all actual, consequential, and incidental damages against all Defendants, jointly and severally.

21. Plaintiffs are also entitled to an award of punitive damages against all Defendants.

22. Plaintiffs are also entitled to an award of prejudgment interest against all Defendants, jointly and severally.

**FOR A SECOND CAUSE OF ACTION**
(Negligent Hiring, Entrustment, Training, Retention, and Supervision Against Amazon Defendants)

23. Plaintiff adopts, realleges, and incorporates the allegations contained in the preceding paragraphs.

24. Amazon was negligent, negligent *per se*, grossly negligent, reckless, willful, and/or wanton in hiring and/or retaining Williams and entrusting them to drive their motor vehicle, in that Amazon knew or should have known that Williams was too incompetent, unfit, inexperienced, and/or reckless to operate their motor vehicle, which created an appreciable risk of harm to the public, including Plaintiffs and the injured minor.

25. Amazon was negligent, negligent *per se*, grossly negligent, reckless, willful, and wanton in failing to properly train and/or supervise Williams, in that Amazon permitted Williams, who was within their employ, agency, and control, to operate its motor vehicle with knowledge that Williams posed a danger to the public, including Plaintiffs and the injured minor, in operating the vehicle.

26. Amazon's acts and/or omissions in hiring, training, retaining, and supervising Williams, and in entrusting them with their motor vehicle, were the direct and proximate cause of the subject collision, as well as Plaintiffs' and the Injured Minor's resulting damages.

27. As a direct and proximate result of the acts and omissions of Amazon, Plaintiffs and the Injured Minor have suffered and will continue to suffer the damages described herein.

28. Plaintiffs are therefore entitled to an award of all actual, consequential, and incidental damages against Amazon.

29. Plaintiffs are also entitled to an award of punitive damages against Amazon.

**WHEREFORE**, Plaintiffs ask this Court to award actual, compensatory, and punitive damages in an amount the jury determines appropriate at trial, as well as such costs, attorney fees, and pre- and post-judgment interest as this Court determines they are entitled to, and such other relief as this Court determines is just.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial.

**MORGAN & MORGAN, P.A.**

*/s/ James G. Biggart II*
JAMES G. BIGGART II, ESQ.
Federal ID: 14195
COOPER KLAASMEYER, ESQ.
Federal ID: 14272
4401 Belle Oaks Drive, Suite 300
North Charleston, SC, 29405
Telephone: (843) 973- 5186
Fax: (843) 947- 6113
jbiggart@forthepeople.com
cooper.klaasmeyer@forthepeople.com
swright@forthepeople.com
**Attorneys for the Plaintiff**

September 25, 2026
Charleston, South Carolina